CHARLES L. ROBERTS, PLAINTIFF, v. TOWNSHIP OF
MILLBURN AND DEPARTMENT OF CIVIL SERVICE
OF THE STATE OF NEW JERSEY, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided April 18, 1962.

*Mr. George D. Jeter* argued the cause for plaintiff (*Mr. Abe Silverstein,* attorney).

*Mr. Harold M. Kain* argued the cause for defendant Township of Millburn.

*Mr. William L. Boyan,* Deputy Attorney General, argued the cause for defendant Department of Civil Service of the State of New Jersey (*Mr. Arthur J. Sills,* Attorney General, attorney).

MATTHEWS, J. C. C. (temporarily assigned). Two questions have been presented to me for determination in the instant action. The first involves the continuance or termination of a preliminary restraint which I issued on March 25, 1962, restraining defendants Township of Mill-

burn (township) and Civil Service Commission (Commission) from holding Civil Service examinations for the offices of police sergeant and police lieutenant for the police department of the township, and further, from appointing anyone to such offices pending this action. Defendants, on the continued return date of the order to show cause containing the aforementioned restraints, have challenged the jurisdiction of this court to entertain the instant action. Necessarily, I must first turn to the question of jurisdiction.

## I.

### JURISDICTION.

Plaintiff instituted this action in lieu of prerogative writs on September 20, 1961. At the time of the commencement of the action there was pending before the Civil Service Commission an appeal, also instituted by plaintiff, in which it was alleged discriminatory conduct toward him had been practiced by defendant township. Plaintiff is a permanent patrolman employed by the police department of the township. Sometime prior to July 22, 1959 plaintiff and certain other members of the township police department took a Civil Service examination for the office of police sergeant. On July 22, 1959 the Commission issued an employment list (PM 165) from which the township might make appointments to the office of sergeant in its police department. The employment list contained the names of five persons, all of whom were veterans. Plaintiff's name was fifth on this list. Upon the declaration by the township of vacancies in the office of sergeant in its police department, the Commission, on March 28, 1960, certified to the township a list of eligibles for appointment. This list contained four names (one of the original five whose name appeared on the employment list having resigned from the department), including that of plaintiff which was fourth. Subsequent to the date of promulgation of the certified list, three

appointments were made to the office of sergeant in the township's police department. As a result, the certified list published by the Commission on March 28, 1960 now contains only the name of plaintiff.

While the records of the proceedings before the Commission are not before me, nor should they be, I am led to believe, through the argument of counsel and the affidavits filed in this cause, that the appeal taken by plaintiff to the Commission alleged discriminatory acts on the part of the township and sought an order of the Commission directing the township to appoint plaintiff to the office of sergeant. Hearings were conducted by the Commission on March 12, April 5, 8 and 12, 1961. At no time prior to the appeal to the Commission by plaintiff had the township declared that a vacancy existed in the office of sergeant in its police department, nor had it requested the Commission to conduct a new promotional examination for such office.

After the conclusion of the hearings, and on July 11, 1961, the township communicated with the Commission and requested that an examination be held for the office of sergeant in its police department as soon as possible. On August 18, 1961 the Commission gave notice that it would conduct a promotional examination for the office of police sergeant in the department of the township and fixed as the closing date for applications therefor, September 18, 1961. This announcement of the promotional examination precipitated the instant proceeding. With the institution of this proceeding, the Commission voluntarily withheld the promotional examination announced on August 18, 1961, and the present action lay dormant, by agreement among the parties, until March 25, 1962. On this latter date the Commission handed down its decision on the appeal taken to it by plaintiff.

In its decision the Commission found the following:

"Appellant is a permanent Patrolman in the Township of Millburn's Police Department, having been regularly appointed to such position on November 1, 1952.

Appellant was certified to the Millburn appointing authority on March 28, 1960 by reason of having passed a Civil Service examination for Sergeant.

Though there were fewer Sergeants in the Department than there have been formerly, the appointing authority did not appoint the appellant to the position of Sergeant."

The Commission concluded that the charges of discrimination, while serious in nature, were not supported by the credible testimony. The Commission also determined that it could not find that a vacancy existed in the office of sergeant to which plaintiff or *anyone must* be promoted. During the course of its opinion the Commission observed that "In the light of the testimony throughout this hearing there is serious doubt in the mind of the Hearing Commissioner as to whether or not the Civil Service Commission has jurisdiction in this matter."

In support of his argument that this court has jurisdiction over the present controversy plaintiff relies upon the expression of doubt stated by the Commission in its opinion as to its jurisdiction over the appeal. Plaintiff also contends that the present proceeding is in fact a new cause of action which arose when the township requested a promotional examination for the office of sergeant and the Commission acceded to such request. It is pointed out that at the time of the appeal to the Commission no request for a promotional examination had been made.

Defendants, in opposing retention of jurisdiction by this court, urged that the proceedings before the Commission raised the same issues as are raised here; that the determination of the Commission adverse to plaintiff is *res judicata,* and that plaintiff's relief is by way of appeal to the Appellate Division of this court under *R. R.* 4:88–8.

At the outset, I should observe that I have no question in my mind concerning the jurisdiction of the Appellate Division to entertain an appeal on the determination made by the Civil Service Commission. The authorities are clear with respect to the propriety of such procedure. The ques-

tion here is whether plaintiff has a right to proceed in the courts seeking a judicial determination as to his status where the power of the Commission to grant the relief sought appears doubtful.

At this stage of the proceeding it has been determined, through the statements of counsel made during argument and the papers filed in the cause, that no vacancy was declared to have existed in the police department for the office of sergeant prior to plaintiff's resort to the Commission. If this be the case, it is difficult to conceive how the Commission could make a valid determination on the allegations of discrimination once it had in fact determined, as it did, that no vacancies existed in the office sought by plaintiff. While it is true that the Civil Service Commission has jurisdiction over controversies arising out of the employment of Civil Service employees based upon claims of discrimination because of race, color or creed, see *Bayonne v. Dougherty,* 59 *N. J. Super.* 288 (*App. Div.* 1960); *Marshall v. Hudson County Board of Chosen Freeholders,* 60 *N. J. Super.* 590 (*App. Div.* 1960), such jurisdiction over alleged discriminatory practices by an employer does not exist in a vacuum. In *Bayonne v. Dougherty,* Judge Goldmann speaking for the Appellate Division stated (59 *N. J. Super.,* at *p.* 295):

"The Commission urges this court to uphold its jurisdiction over *generally* discriminatory action, even though such action may not come within the specific statutory prohibition of discrimination based on political or religious opinions or affiliations. ＊ ＊ ＊ We fail to see how the constitutional provision supports the Commission's position. The Constitutional Convention of 1947 merely wrote into the state charter what had for years been the keystone of New Jersey's personnel system. See *L.* 1908, *c.* 156, § 1, now *R. S.* 11:4–2, *N. J. S. A.;* 2 *Proceedings of the Constitutional Convention of* 1947, 1126 (*Report of the Committee on Executive, Militia and Civil Officers*), and *page* 1133 (*Committee Proposal, 'Public Officers and Employees,'* Sec. 1, par. 2); and see, generally, *ibid.* 1465, Carpenter, *'Civil Service—The Personnel Article in the State Constitution'* (monograph). The Legislature has through the years, by the careful process of amendment and supplementation of the Civil Service Act, adopted such provisions as

policy and experience indicated were necessary all to the end of strengthening the merit system. We will not read the cited section of the Constitution to mean any more than it says, nor carry the legislative intention beyond what is expressly or by clear implication called for by the statutes."

Thus, it is clear that the jurisdiction of the Commission to review a question of discrimination can be sustained when discrimination is alleged by a person in the classified service who is sought to be removed, demoted in pay or position, suspended, fined or refused promotion under the Civil Service Laws. See, *e. g.*, *N. J. S. A.* 11:5–1; *R. S.* 11:25–1.

In *Swede v. City of Clifton,* 22 *N. J.* 303, 314 (1956), an action involving unsuccessful candidates for appointment to fill alleged vacancies in offices of police sergeants, wherein the question of the legal existence of the offices at issue was questioned, the Supreme Court observed:

"The agency was not endowed with jurisdiction to make the ultimate determination of the basic questions of the legal existence of the police sergeancies at issue, nor the *de jure* title of the officer presuming to exercise the appointing power as acting city manager. This judicial power resides in the Superior Court in virtue of the 1947 *Constitution, Article* VI, *Section* III, *paragraph* 2, granting original general jurisdiction in all causes, and *Section* V, *paragraph* 4, authorizing relief in lieu of prerogative writ 'as of right, except in criminal causes' where the review is still discretionary, an exercise of the extraordinary power of the Crown that originally was discretionary because it involved a direct interference with the liberty and property of the subject. *Fischer v. Bedminster Township, Somerset County,* 5 *N. J.* 534 (1950) ; *Ex parte Thompson,* 85 *N. J. Eq.* 221 (*Ch.* 1915). See also 3 *Steph. Comm.* 629. And there is no suggestion of a legislative intent and purpose to confer upon the agency concurrent jurisdiction to this end, assuming *arguendo* the constitutional power so to do. The terms of the grant are plainly not inclusive of this judicial power."

Without presuming to infringe in any manner upon the unquestioned right of the Appellate Division of this court to review the action of the Commission on plaintiff's appeal thereto, I cannot in good conscience close my eyes to the legal authorities just mentioned. In the present posture of this case, it is apparent to me that plaintiff's conten-

tions as to discrimination in his proceeding before the Commission were wholly unconnected to any action of the township relating to the declaration that a vacancy existed in its police department. Nor was there any relation to any act of the township relating to the failure to give an increment to plaintiff or its seeking to remove or demote him. At best, the question of discrimination may have related to the acts of the township in appointing the three persons who had been on the list with plaintiff to the office of sergeant prior to the Civil Service proceeding; the determination of the Commission, however, does not mention such township action. Plaintiff now contends in the present action that the township has acted to create a vacancy in the office of sergeant in its police department. The township denies that it has created such a vacancy. The existence of the office or position is therefore questioned. Such an issue is clearly within the jurisdiction of this court. Intertwined with the question of the existence of the office, there are found the allegations of plaintiff as to alleged discriminatory practices by the township. In short, the contention of plaintiff is such that the question of the existence of the office is inextricably bound to his allegations that the township has discriminated against him. Such a question can only be determined by a judicial tribunal. The disposition of this question must be upon the record and judgment of a court and not upon that of an agency of limited jurisdiction. *Swede v. City of Clifton, supra.*

It is my determination that this court has jurisdiction over the instant action.

## II.

### THE RESTRAINT PENDENTE LITE.

Plaintiff seeks to have defendant Commission restrained, pending this action, from giving a promotional examination for the office of sergeant or lieutenant for the township police department. He further seeks to have defendant

township restrained from appointing any persons to said offices. His argument, insofar as it relates to the office of sergeant, needs no exposition. Plaintiff contends, of course, that the conducting of a promotional examination and the subsequent promulgation of a certified list will place him in a position where he will be irreparably injured and ultimately deprived of a promotion should this litigation terminate in his favor. As to the office of lieutenant, his argument is somewhat tenuous. Should he be successful in this litigation and thus be appointed to the office of sergeant *nunc pro tunc,* he would then be eligible to take the examination for lieutenant with the possibility of promotion to that office; to permit the examinations for lieutenant now will act to foreclose him of this opportunity and prevent him from promotion to that office.

The Commission points out that the existing promotional list which contains only the name of plaintiff continues, by virtue of *R. S.* 11:22–33, throughout this litigation and for a period thereafter; it also states that this plaintiff will go to the top of any list subsequently promulgated and that the existing list will not be integrated with any subsequent list. The Commission concedes, however, that plaintiff could be passed over by the municipality despite the fact that he would be at the top of such list.

In order to sustain the right to a restraint such as is sought here, the applicant must show that the ends of justice will be served by the exercise of this power by the court. Clearly, justice will not be served if the subject matter of the litigation is destroyed or substantially impaired pending the outcome of the action; under such circumstances, the courts would be unable to vindicate fully the rights of the parties and to remedy such wrongs as may be revealed at the termination of the litigation. See *Christiansen v. Local 680 of the Milk Drivers, etc.,* 127 *N. J. Eq.* 215 (*E. & A.* 1939).

In *Citizens Coach Co. v. Camden Horse R. R. Co.,* 29 *N. J. Eq.* 299 (*E. & A.* 1878), Chief Justice Beasley, in

what may be regarded as the leading case in the area of injunctive relief, established the rule that an interlocutory injunction should not issue if plaintiff's asserted rights are not clear as a matter of law. It has been observed that his rule and the exceptions to it are not to be looked upon as hard and fixed; rather they are to be looked upon as being factors among others, which must be weighed one with another, all going to the exercise of an exacting judicial discretion as to whether to issue a restraint or not. *General Electric Co. v. Gem Vacuum Stores,* 36 *N. J. Super.* 234 (*App. Div.* 1955).

I fail to see how plaintiff will be irreparably damaged by the conduct of a promotional examination for the office of sergeant in the Millburn Police Department pending the outcome of this action. It occurs to me that injury will in fact be inflicted upon the township if such an examination is not given. It may well be that during the pendency of this action the township will reach the determination that more than one vacancy exists in the office of police sergeant. At present there is but one person certified for promotion to this office. That person is, of course, plaintiff. It has been represented to me by the township attorney that there presently exist in the department, unofficially, vacancies in the offices of captain and lieutenant. Should the position of captain be filled by promotion, two lieutenant vacancies will exist; certainly those eligible to apply for promotion to lieutenant will come from the ranks of the sergeants. Thus, probably two vacancies will exist, in addition to the vacancy presently claimed to exist by plaintiff, in the office of sergeant. To continue the restraint, will serve to delay proper promotional procedures in the township police department and may well cause hardship to other members of the department, the township government and the citizens of that community.

Balancing these equities, see *Haines v. Burlington County Bridge Commission,* 1 *N. J. Super.* 163, 173 (*App. Div.* 1949); *Christiansen v. Local* 680 *of the Milk Drivers, etc.,*

*supra.* I conclude that plaintiff has not established the necessity for a restraint *pendente lite* with reference to the proposed examination for the office of police sergeant.

While I conclude that a restraint should not be continued for the duration of this action with regard to the conduct of an examination, I should observe that other considerations may well exist insofar as the act of appointment to the office of sergeant by defendant township is concerned. I cannot at this juncture restrain such act, since no vacancy in this office has been declared by the township and the question of the existence of such vacancy presently pends before me. The question is, therefore, premature. The township is cautioned, however, that this proceeding may well act as a *supersedeas* insofar as the act of appointment to such office is concerned, although I do not so expressly find at this time. See *Hunt v. Lambertville,* 46 *N. J. L.* 59 (*Sup. Ct.* 1884); *Haines v. Burlington County Bridge Commission, supra; cf. Two Guys from Harrison, Inc. v. Furman,* 59 *N. J. Super.* 135 (*Law Div.* 1959).

As to the restraint relating to the office of lieutenant, the same observations may be made with regard to the equities of the situation as I have stated in connection with the restraint relating to the office of sergeant. Plaintiff's contentions with regard to this office involve the necessity of the determination of two questions of law, one imposed upon the other. First, is right to the office of sergeant *nunc pro tunc,* and second, is right to be considered for the office of lieutenant under such circumstances, in view of the requirements of *N. J. S. A.* 11:22–34 which have been construed in practice by the Commission to require a minimum of one year service in the office of sergeant.

The observations heretofore made apply to the restraint with regard to the examination for the office of lieutenant with one exception; this exception refers to the fact that under the present circumstances plaintiff cannot compete in the promotional examination for lieutenant. In order to insure plaintiff that his rights may be vindicated by this

court should he be successful in this action, I am constrained to find that defendant Commission should be restrained from conducting a promotional examination for the office of lieutenant in the police department of the township pending my determination of the merits of this action. The restraint shall include any action by defendant township from appointing any person to the office of lieutenant for the same period. If it is the desire of the defendant Commission to conduct a promotional examination for the office of lieutenant in the police department of the township prior to the termination of this action, I will entertain an application to dissolve the restraint herein granted to plaintiff, on condition that plaintiff be permitted to take such promotional examination on a conditional basis.

In summary of the foregoing, I determine that I have jurisdiction over the present controversy. I further determine that the restraint presently prohibiting an examination for promotion to the office of sergeant in the police department of the defendant township should be dissolved; that the restraint prohibiting the giving of a promotional examination for the office of lieutenant by defendant Commission should be continued pending my determination of this action, with leave to apply for dissolution thereof on the condition which I have expressed herein.

An order consistent with this opinion may be submitted on notice or on consent.